**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                               :
ARMANDO MINES,                 :
                               :
          Plaintiff,           :       Civil No. 12-4783 (JBS)
                               :
     v.                        :
                               :
                               :       MEMORANDUM AND ORDER
CHAPLAIN MIHYAR, et al.,        :
                               :
          Defendants.          :
_____:
```

Plaintiff, currently confined at the Federal Correctional
Institution in Fort Dix, New Jersey, seeks to bring a civil
action in forma pauperis,[1] without prepayment of fees or
security, asserting claims pursuant to Bivens v. Six Unknown Fed.
Narcotics Agents, 403 U.S. 388 (1971).  The Prison Litigation
Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April
26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes
certain financial requirements for prisoners who are attempting
to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma
pauperis must submit an affidavit, including a statement of all
assets, which states that the prisoner is unable to pay the fee.
28 U.S.C. § 1915(a)(1).  The prisoner also must submit a
certified copy of his inmate trust fund account statement for the
6-month period immediately preceding the filing of his complaint.

---

[1]   Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  <u>Id.</u>

Even if the prisoner is granted <u>in</u> <u>forma</u> <u>pauperis</u> status, the prisoner must pay the full amount of the $350 filing fee.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring

another action in forma pauperis unless he is in imminent danger
of serious physical injury.  28 U.S.C. § 1915(g).

In this case, Plaintiff failed to submit a complete in forma
pauperis application as required by 28 U.S.C. § 1915(a)(1),(2).
Specifically, Plaintiff failed to provide an in forma pauperis
application with a certified six month account statement.  His
application only included a three month account statement from
his time at F.C.I. Fort Dix.  He must also provide this Court
with a certified account statement from F.C.I. Allenwood so the
Court has the account statements for the entire six month period
immediately preceding the filing of this complaint.

THEREFORE, it is on this **20th** day of **August**, 2012;

ORDERED that Plaintiff's application to proceed in forma
pauperis is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively
terminate this case, without filing the complaint or assessing a
filing fee; Plaintiff is informed that administrative termination
is not a "dismissal" for purposes of the statute of limitations,
and that if the case is reopened, it is not subject to the
statute of limitations time bar if it was originally filed
timely, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox
rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d
Cir. 1996); see also Williams-Guice v. Board of Education, 45
F.3d 161, 163 (7th Cir. 1995); and it is further

3

ORDERED that the Clerk of the Court shall send Plaintiff a blank form application to proceed in forma pauperis; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed in forma pauperis application, including a certified six-month prison account statement, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.


　　　　　　　　　　　　　　 **s/Jerome B. Simandle**
　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　United States District Judge